UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES, *ex rel.* KAREN CHILCOTT, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.  4:09-cv-4018 ) |
| KBR, INC., KELLOGG BROWN & ROOT SERVICES, INC., and KELLOGG BROWN & ROOT LLC, | ) ) ) ) |
| Defendants. | ) ) |

# O R D E R  &  O P I N I O N

This matter is before the Court on Defendants' Motion for Certification of Interlocutory Appeal and for Stay Pending Appeal, pursuant to 28 U.S.C. § 1292(b). (Doc. 62). For the reasons stated below, Defendants' Motion is denied.

### BACKGROUND

A detailed recitation of the facts of this case can be found in the Court's Order and Opinion dated October 24, 2013. (Doc. 60). For purposes of the motion *sub judice*, it is important to understand the following:

In this case Plaintiff asserts multiple claims that Defendants violated the False Claims Act by knowingly presenting false claims for payment or knowingly making false statements material to an obligation to pay money to the Government. 31 U.S.C. § 3729(a)(1).  Defendants provide civilian in-theater logistical support to military personnel in wartime and other operations.  Defendants operate under contracts that include the following clause:

> The contractor may rotate contractor employees into and out of the theater provided that there is no degradation in mission results. For employees who have deployed less than 179 days, the contractor may rotate personnel at his own expense, for employees who have deployed greater than 179 days may be rotated as an allowable cost under the contract. The contractor will coordinate personnel changes with the contracting officer.

(Doc. 31 at ¶¶ 31, 37). In order to be reimbursed for the deployment costs of their civilian personnel, Defendants submit to the Government standardized forms, each of which requires a statement that "all payments requested are for appropriate purposes and in accordance with the agreements set forth in the contract." (Doc. 31 at ¶ 65).

Plaintiff asserts that the above-quoted clause means that Defendants are unambiguously prevented from billing the Government for employees who remained in theater less than 179 days. Defendants, however, in purported reliance on language elsewhere in the contracts and the common practice of military contracting, contend that they reasonably took the term "rotate" to mean there was a specific subset of instances in which the civilian personnel were transferred to other positions at Defendant's discretion, thereby allowing their deployment costs to be reimbursed in certain instances even when the employees remained in theater less than 179 days. While this Court stated that both sides' interpretations were *facially* reasonable, in keeping with the standards in disposing of a 12(b)(6), it drew the reasonable inference that Plaintiff's interpretation was the correct one.

Defendants moved to dismiss Plaintiff's claims based upon the premise "that mere differences in interpretation growing out of a disputed legal question involving the terms of a contract are not false for purposes of the False Claims Act." (Doc. 50

at 9 (internal quotation marks and citations omitted)). For the reasons stated in the Order and Opinion dated October 24, 2013, the Court disagrees with Defendants. This Court found that

> [w]hile it is true that an innocent misinterpretation or a disputed interpretation of a contract cannot, standing alone, support a FCA claim, a deliberate or knowing misinterpretation, even if 'reasonable,' can give rise to FCA liability. Reasonableness is relevant to the question of whether a misinterpretation was knowing or deliberate, but it is not dispositive of that question or of the question of falsity.

(Doc. 60 at 14).

Defendants disagree with the Court's conclusion. They now seek leave to certify the question of whether "a reasonable interpretation of a contract term can be 'knowingly' 'false' under the FCA, 31 U.S.C. § 3729(a)(1)." (Doc. 63 at 7).

## LEGAL STANDARDS

A district court is authorized to certify a non-final order for appeal under 28 U.S.C. § 1292(b) when it is of the opinion that such an order "involves a controlling question of law, as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Seventh Circuit explains that the following five criteria must all be satisfied before a district court should certify an interlocutory appeal:

> (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation, and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed.

*Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002). "Unless all these criteria are satisfied, the district court

3

may not and should not certify its order to us for an immediate appeal under section 1292(b)." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

## DISCUSSION

Defendants have demonstrated that the third and fifth criteria are satisfied here. First, the question of whether a reasonable interpretation of a contract term can be knowingly false under the FCA, 31 U.S.C. § 3729(a)(1) is contestable. A question of law is contestable if there are "substantial conflicting decisions regarding the claimed controlling issue of law," or the question "is not settled by controlling authority" and there is a "substantial likelihood . . . that the district court ruling will be reversed on appeal." *Smith v. City of Chicago*, 94 C 920, 2003 WL 1989612, at *1 (N.D. Ill. Apr. 28, 2003) (citations omitted). The Court clearly relied on *United States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 463 (9th Cir. 1999) and clearly rejected the perceived holding of *United States ex rel. Hixson v. Health Management Systems, Inc.*, 613 F.3d 1186 (8th Cir. 2010) in reaching its decision. Those two opinions represent conflicting decisions.

Second, the Court finds that Defendants filed their petition to appeal in the district court within a reasonable amount of time after entry of the order sought to be appealed. The instant motion came only a few weeks after the Court issued its Order and Opinion denying Defendants' motion to dismiss as to the contested issue.

However, the remaining criteria are all unsatisfied. First, it is doubtful that the issue presented in this case is a pure question of law. A question of law refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. To be sure, the Defendants

have presented the issue as if it were a simple question of law—whether a reasonable interpretation of a contract term can be knowingly false under the FCA, 31 U.S.C. § 3729(a)(1). However, reasonableness is generally a question of fact. *See e.g.*, *Panko v. Trevino*, 84 C 8710, 1985 WL 3318, at *3 (N.D. Ill. Oct. 22, 1985) ("a determination of reasonableness is a question of fact, and cannot be decided either on the face of the complaint..."). Interestingly, the *Ahrenholz* court specifically mentioned questions of contract interpretation as precisely the sort of questions that are generally not appropriate for interlocutory appeals because they typically involve issues that are not amenable to quick and clean analyses. 219 F.3d at 677. Instead, questions of contract interpretation generally require probing exegeses of the subject contracts. Furthermore, it is for the Court to engage in those analyses, not merely take a litigant's word for it that the litigant's interpretation is in fact reasonable.[1] For these reasons, the issue of whether a reasonable interpretation of a contract term can be knowingly false under the FCA, 31 U.S.C. § 3729(a)(1) cannot be deemed a question of law under the circumstances presented in this case.

Second, even if the issue here were deemed a question of law, it is not controlling in this case and would not expedite resolution of this litigation.[2] "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming*

---

[1] Defendants make much of the Court's obviously preliminary finding that the Defendants' (as well as the Plaintiff's) proposed interpretation of the clause was "facially reasonable." The Court was making a cursory observation, not making a binding finding of fact that forever disposes of the issue. For purposes of the motion to dismiss, the Court drew the reasonable inference that Plaintiff's interpretation was indeed the "correct one." The Court explicitly declined to actually interpret the clause given the posture of the case.

[2] Although these are two criteria, the Court discusses them together.

*Enter. Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996) (citations omitted). The Seventh Circuit clarified the term "controlling" further in *In re Text Messaging Antitrust Litigation*, 630 F.3d 622, 624-25 (2010), when it explained that the issue in that case was controlling because it likely would dispose of the case.

Resolution of the legal issue at hand will not likely affect the course of this litigation and will definitely not dispose of the case. Even if the Seventh Circuit were to take this case and hold that a reasonable interpretation of a contract term cannot be knowingly false under the FCA, 31 U.S.C. § 3729(a)(1), this litigation would still proceed on the factual issue of whether Defendants' interpretation of the clause was reasonable. This is because the Court has found Plaintiff alleged sufficient facts that allowed the Court to infer that Defendants did not simply choose, in good faith, a reasonable interpretation among equal alternatives.

For example, Plaintiff alleged facts demonstrating that Defendants' managers and executives discussed the subject clause in terms of its disallowing billing for employees who served less than 179 days in-theater and that Defendants required their subcontractors to reimburse them on this basis. Plaintiff also alleged that Defendants' billing for employees who served less than 179 days does not distinguish between those who left at Defendants' discretion and those who left for other reasons. This Court found that the Plaintiff's allegations supported the inference that Defendants actually interpreted the subject clause in the manner Plaintiff contends, that they knew that their billing for employees who served in-

theater for less than 179 days was inappropriate, and that they only adopted their current interpretation as a cover for their fraudulent billings.

In conclusion, all criteria for satisfying 28 U.S.C. § 1292(b) must be met before a district court will certify its order for an immediate appeal under section 1292(b). *Ahrenholz*, 219 F.3d at 676. As explained above, Defendants' proposed appeal does not satisfy all the criteria under section 1292(b) and therefore is not certified for appeal.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Certification of Interlocutory Appeal and for Stay Pending Appeal, pursuant to 28 U.S.C. §1292(b) (Doc. 62) is DENIED. This matter is REFERRED BACK to Magistrate Judge Gorman for further pretrial proceedings. IT IS SO ORDERED.

Entered this 23rd day of December, 2013.

                s/ Joe B. McDade
                JOE BILLY McDADE
                United States Senior District Judge